UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HENRRY NOLASCO,

Plaintiff,

-against-

POORAN PALLET, INC. d/b/a POORAN PALLET, POORAN JUNIOR PALLET INC. d/b/a POORAN PALLET, and ZAINOOL POORAN,

Defendants.

---

**COMPLAINT**

Plaintiff Henrry Nolasco ("Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Pooran Pallet, Inc. d/b/a Pooran Pallet, Pooran Junior Pallet Inc. a/b/a Pooran Pallet (together, "Corporate Defendants") and Zainool Pooran (collectively, "Defendants"), allege:

**NATURE OF THE COMPLAINT**

1. Plaintiff worked as a pallet repairman at Pooran Pallet. Throughout his employment, Defendants paid Plaintiff on a piece rate basis that regularly failed to compensate him for regular hours worked at the statutory minimum wage rate and failed to compensate him for overtime pay for hours worked over forty per workweek. Defendants also failed to provide Plaintiff with: (1) spread-of-hours pay when he worked shifts spanning over ten hours; (2) wage notices at his time of hiring and when his wage rates changed; and (3) accurate wage statements with each payment of wages.

2. Plaintiff brings this action to recover from Defendants his unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred at Defendants' premises, which is located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff Henrry Nolasco**

5. Nolasco resides in Bronx County, New York.

6. Defendants employed Nolasco as a pallet repairman from approximately 2017 through August 14, 2026.

**Corporate Defendants**

7. Defendant Pooran Pallet, Inc. is a New York domestic business corporation that owns, operates, and does business as Pooran Pallet, a company that manufactures, repairs, supplies, and distributes wooden storage pallets, currently located between Casanova Street and East Bay Street in the Bronx.

8. Defendant Pooran Junior Pallet, Inc. is a New York domestic business corporation that owns, operates, and does business as Pooran Pallet, a company that manufactures, repairs, supplies, and distributes wooden storage pallets, currently located between Casanova Street and East Bay Street in the Bronx.

9. Individual Defendant utilizes Pooran Pallet, Inc. and Pooran Junior Pallet, Inc. interchangeably to operate Pooran Pallet.

10. New York State Division of Corporations entity filings reflect that the service of process address for Pooran Junior Pallet Inc. is 725 Drake Street, Bronx, New York 10474, where Pooran Pallet was located and operated by Defendants from September 2020 to approximately mid-2025.

11. During Plaintiff's employment, Defendants distributed Plaintiff's wages on checks issued by Corporate Defendants.

12. Throughout Plaintiff's employment, Corporate Defendants had employees, including Plaintiff, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. In the three years preceding the filing of this Complaint Corporate Defendants, individually and collectively, have had an annual gross volume of sales in excess of $500,000.

14. Corporate Defendants are enterprises engaged in commerce within the meaning of the FLSA.

**Defendant Zainool Pooran**

15. Defendant Zainool Pooran has been an owner and operator of Pooran Pallet throughout Plaintiff's employment.

16. Pooran is listed as the chief executive officer for Pooran Pallet, Inc. in New York State Division of Corporations entity filings.

17. During Plaintiff's employment, Pooran held power and authority over personnel decisions at Pooran Pallet, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of his employment.

18. Pooran hired Plaintiff to work at Pooran Pallet.

19. During Plaintiff's employment, Pooran was regularly present at Pooran Pallet, directing the work duties of employees, including Plaintiff.

20. Pooran distributed weekly pay to Plaintiff and other employees of Pooran Pallet.

21. Pooran signed Plaintiff's paychecks.

22. Pooran determined employees' rates of pay, including Plaintiff's rate of pay.

23. Pooran created and modified the Plaintiff's work schedules.

24. Pooran exercised sufficient control over the operations of Pooran Pallet and Plaintiff's employment to be Plaintiff's employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Plaintiff Henrry Nolasco**

25. From in or about 2017 through August 14, 2026, Nolasco regularly worked from approximately 2:00 a.m. to 2:00 p.m., Monday to Friday, totaling sixty hours per workweek.

26. Throughout his employment, Defendants paid Nolasco on a piece rate basis, regardless of how many hours he worked per day.

27. The piece rates Defendants paid Nolasco varied based on the quality of the pallet repaired.

28. For example, on September 26, 2025, Pooran's son, known as Junior, informed Nolasco that his piece rates were $.50 per "plo" pallet repaired, $.58 per regular pallet repaired, and $.73 per "six-inch" (premium) pallet repaired.

29. Throughout his employment, Plaintiff's regular wage rates regularly fell below the New York State statutory minimum wage rate.

30. Defendants did not pay Plaintiff spread-of-hours pay on days when he worked shifts spanning over ten hours.

31. Defendants did not provide Plaintiff with wage notices at his time of hire or when his wage rates changed.

32. Throughout Plaintiff's employment, Defendants did not furnish Plaintiff with wage statements accompanying each payment of wages.

33. Defendants intentionally failed to provide wage notices and accurate wage statements to Plaintiff in violation of the WTPA to conceal the precise number of hours that Plaintiff worked and the minimum and overtime wage rates to which he was entitled in order to inhibit his ability to advocate for his proper payment of wages.

34. Defendants' intentional violations of the WTPA led to and formed part of Defendants' scheme to deprive Plaintiff his minimum and overtime wages due as alleged in this Complaint.

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

35. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

36. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

37. The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

38. Defendants regularly failed to pay Plaintiff the minimum wages to which he were entitled under the NYLL.

39. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

40. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages)**

41. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

42. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

43. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

44. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

45. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rates due.

46. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

47. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

48. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

49. Under the NYLL and supporting NYDOL regulations, including 12 NYCRR § 142-2.2, Defendants were required to pay Plaintiff one and one-half (1 ½) times his

regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

50. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

51. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

52. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

53. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

54. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 142-2.4.

55. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

56. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

57. The NYLL's WTPA requires employers to provide all employees with written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

58. Defendants failed to furnish Plaintiff at the time of hiring with a wage notice listing, *inter alia*, the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the prevailing wage rates and benefit supplements; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

59. As a result of Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

**SIXTH CLAIM**
**(NYLL WTPA – Failure to Provide Accurate Wage Statements)**

60. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

61. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

62. Defendants failed to provide Plaintiff with wage statements at the end of every pay period listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

63. As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. declare that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

b. declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c. declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d. declare that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

e. declare that Defendants' violations of the FLSA and the NYLL were willful;

f. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

g. award Plaintiff damages for unpaid minimum wages;

h. award Plaintiff damages for unpaid spread-of-hours pay;

i. award Plaintiff damages for unpaid overtime wages;

j. award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the NYLL;

k. award Plaintiff statutory damages as result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the NYLL's WTPA;

l. award Plaintiff pre- and post-judgment interest under the NYLL;

m. award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

n. award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, demands a trial by jury in this action.

Dated: New York, New York
October 19, 2026

PECHMAN LAW GROUP PLLC

By: ______________________

Louis Pechman
Rachell Henriquez
Pechman Law Group PLLC
488 Madison Avenue – 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
henriquez@pechmanlaw.com
*Attorneys for Plaintiff*